**In re Florian Robert BABIARZ, Debtor.**

**Bankruptcy No. 80–20591.**

United States Bankruptcy Court,
W. D. New York.

Aug. 26, 1980.

William J. Neild, Rochester, N. Y., for debtor.

Sheri Moore Humphrey, Tax Div., Dept. of Justice, Washington, D. C., for Internal Revenue Service.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

A Motion was brought by the debtor to have IRS turn over certain wages which the debtor contends were improperly levied upon after the petition in this case was filed. The debtor claims that this is in violation of § 362 of the Bankruptcy Code and the stay thereunder.

There is no dispute as to the facts. On April 29, 1980, IRS served a notice of wage levy on Rochester Products. On May 9, 1980, Rochester Products sent IRS $242.96, representing the larger portion of wages for personal services performed by the debtor during the pay period of April 28th to May 4th. On May 14, 1980, the debtor filed a petition in bankruptcy under Chapter 13. On May 15, 1980, IRS released the levy on wages, relieving Rochester Products as of May 15th of any further requirement to pay over wages earned by the debtor after May 14th. On May 16, 1980, Rochester Products sent IRS $260.36, which represents the larger portion of wages for personal services performed by the debtor during the pay period May 5th to May 11th. It is this amount that the debtor seeks in his turnover proceeding.

This raises the issues of whether the levy upon wages earned by the debtor prior to the filing of the petition in bankruptcy but paid after the filing date is improper and whether such a levy is a violation of the automatic stay provisions of 11 U.S.C. § 362.

IRS argues that the levy under § 6331 of the Internal Revenue Code of 1954 upon wages of the debtor is not improper and does not violate 11 U.S.C. § 362, because the property belonged to the United States prior to the commencement of the bankruptcy proceeding and thus cannot constitute "property of the estate" within the meaning of 11 U.S.C. § 1306. They rely heavily upon *In re Bush Gardens, Inc.*, 5 B.C.D. 1023 (D.N.J.1979) and *Phelps v. United States*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975).

The debtor on the other hand, argues that the debtor at the time of the filing of the petition had no right to receive payment for the hours he had worked until the scheduled pay day arrived. The debtor was subject to all the common law rights of setoff against his pay by his employer. It is the debtor's argument that he had a mere expectancy of payment at the time of filing his petition in bankruptcy. The debtor argues that payment after the filing of the petition violates the stay of § 362(a).

Section 191 of the Labor Law of the State of New York states when an employee must be paid. Section 191(1)(d) covers most types of employees and states that they are to be paid in accordance with the terms of employment but not less frequently than semi-monthly, on regular pay days designated in advance by the employer. Section 191 of the Labor Law of the State of New York seems to infer that a wage earner cannot demand his wage until the designated pay day. Under the Labor Law, employers can only be subject to criminal penalties if they fail to pay wages in accordance with the provisions of the Labor Law and only after the scheduled pay day. It would seem logical, therefore, that the designated pay day would be the date that the employee could demand and receive his wages. The *Federal Tax Coordinator* ¶ V–5206 states that an employee's accrued salary or wages held by an employer, which are subject to the order or call of the employee are the wages which may be levied upon. If this be true, it should follow that no levy could be had on the wages until the actual pay day arrives.

In defining estate property in a Chapter 13 case, § 1306 of the Code includes the property specified in § 541 of the Code and earnings from services performed by the debtor after the commencement of the case. Section 541 of the Bankruptcy Code is extremely broad in character and covers a wide range of property both in and out of the possession of the debtor.

In recent opinions, the holding in *Bush Gardens, supra,* has been severely criticized. For instance, Judge Schwartzberg in *In re Community Hospital of Rockland County,* 5 B.R. 7, 5 B.C.D. 1115 (Bkrtcy.S.D.N.Y.1979), 5 B.R. at page 10, 5 B.C.D. at page 1117 said:

> The decision, however, is based upon the holding in *Phelps v. United States,* 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975) and *In re Pittsburgh Penguins Partners,* 598 F.2d 1299 (3rd Cir. 1979). These cases were decided prior to the effectiveness of § 541 of the current Bankruptcy Code. Under § 541, the Bankruptcy Court is no longer concerned with who has title or possession. Code § 541(a) states that the commencement of a case creates an estate and that such estate includes: 'all legal or equitable interests of the debtor in property as of the commencement of the case.'

*In re Troy Industrial Catering Service,* 2 B.R. 521, 5 B.C.D. 1243 (Bkrtcy.E.D.Mich. 1980), Judge Brody, referring to the *Bush Gardens* decision, stated, 2 B.R. at page 523, 5 B.C.D. at page 1244:

> Seizure by the Secretary of Treasury is merely a step in the collection process. Seizure 'does not in and of itself operate to transfer title to the government.' *In re Brewster-Raymond,* 344 F.2d 903, 910 (6th Cir. 1965).

Further down, 2 B.R. on page 524, 5 B.C.D. on page 1244, Judge Brody said:

The State, in opposing the turnover request by the debtor, relies on *Bush Gardens, Inc. v. United States of America*, 5 B.C.D. 1023 (D.N.J.1979). Admittedly, *Bush* supports the position asserted by the State. *Bush*, however, is not persuasive. It misreads both the cases it relies upon and the Bankruptcy Code in reaching the conclusion that it did.

Similarly, in *In re Aurora Cord and Cable Company, Inc.*, 2 B.R. 342, 5 B.C.D. 1310 (Bkrtcy.N.D.Ill.1980), Judge Eisen, 2 B.R. at page 344, 5 B.C.D. at page 1311 stated:

The IRS' present reliance on *Phelps* is misplaced. The instant case was filed under the Bankruptcy Reform Act of 1978, P.L. 95–598. Pursuant to that Act, the jurisdiction of the Bankruptcy Court has been radically expanded, and the distinction between summary and plenary jurisdiction has been abolished.

2 B.R. at page 345, 5 B.C.D. at page 1312, Judge Eisen states:

In re Bush Gardens, 1979 Stand.Fed.Tax Rep. (CCH) par. 9736 (D.C.N.J.1979), decided under the new act, misreads *Phelps*. *Phelps* did not rule that the property, subject to the Internal Revenue Service levy, was forever barred from inclusion in the debtor's estate. It held only that the subject property was not within the summary jurisdiction of the Bankruptcy Court, and the receiver's rights in the property would have to be determined under a plenary suit in the district court. *Phelps* at 330, 95 S.Ct. at 1728 (Syllabus).

Indeed, the balancing test resorted to by the court in *Bush Gardens*, par. 9736 at 88,732, appears to be identical to the summary—plenary jurisdictional test expressly rejected by Congress in the Reform Act. Although recognizing that the debtor had interests in the seized funds, the court concluded that the IRS had a more substantial, adverse interest therein. Since, pursuant to *Phelps*, the IRS had constructive possession, the property was not, in the court's opinion, 'property of the estate.' If this reasoning were accepted, arguably any property which the debtor did not have possession of, and in which another entity appeared to have a substantial interest, might not be considered property of the estate.

 In this particular action, the debtor had no rights to receive the $260.36 until May 16, 1980. Section 1306 and § 541 of the Code make the wages of the debtor part of the estate as of the date he has a right to receive the wages. On May 16, 1980, the debtor was under Chapter 13 since he filed his petition on May 14, 1980. On May 16, 1980, § 362 of the Code stayed IRS from receiving the wages and Rochester Products from turning the wages over to IRS. Therefore, IRS must return the $260.36 to the trustee of the debtor's estate and it is so ordered.

This Memorandum and Decision shall constitute Findings of Fact and Conclusions of Law in accordance with Rule 752 of the Rules of Bankruptcy Procedure.