**In the Matter of CYBER ELECTRIC CO., INC., a Michigan corporation, Debtor.**

**Bankruptcy No. 82–01132–W.**

United States Bankruptcy Court, E. D. Michigan, S. D.

March 25, 1982.

George V. Cartsos, Detroit, Mich., for Cyber Elec. Co.

James L. English, Honigman, Miller, Schwartz & Cohn, Detroit, Mich., for Nat. Bank of Detroit.

Karl Overman, Asst. U.S. Atty., Detroit, Mich., D. Patrick Mullarkey, Tax Div., Washington, D. C., for U.S. Government.

MEMORANDUM OPINION AND ORDER

GEORGE E. WOODS, Bankruptcy Judge.

This matter was initiated by the debtor on a Motion to Release Funds in the National Bank of Detroit levied upon by the Internal Revenue Service.

Some time prior to February 23, 1982, one Ronald Gudenau borrowed $23,000.00 from the National Bank of Detroit securing the same with a mortgage on his home. Mr. Gudenau then loaned the money to the debtor, the money being deposited in the National Bank accounts of the debtor corporation. Admittedly, the purpose of the loan was to provide the debtor with sufficient capital to meet payroll and other obligations of the corporation.

Unfortunately for the debtor, on the 23rd of February, 1982, the Internal Revenue Service levied on the bank accounts containing these sums, the levy to be satisfied after five working days.

On March 1, 1982, the debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code; thereafter, on March 2, 1982, the debtor filed a motion for an order instructing the National Bank of Detroit to release the funds here in question.

Chief Judge George Brody of this Court, *In the Matter of Troy Industrial Catering Service, Plaintiff v. State of Michigan, Department of Treasury, Revenue Division, Defendant,* 2 B.R. 521, stated the question to be as follows:

"This case presents the question of the power of the bankruptcy court to compel the turnover of property seized by a cred-

itor prior to the filing of a chapter 11 proceeding under the Bankruptcy Reform Act of 1978."

There is and has been no dispute of the fact that the debtor had a tax liability to the United States Government; there is no dispute as to the fact that the seizure was made on the 23rd of February, 1982.

Simply stated, we have the problem of making a determination as to whether or not the property seized by the Internal Revenue Service was in fact property of the debtor as contemplated within § 541(a) of the Bankruptcy Code. It is clear, of course, that the estate of a debtor is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case.

Contrary to the *Troy Industrial Catering Service* case, wherein seizure was made of all catering trucks, food inventory and books and records of the debtor, we are here concerned with the seizure of cash, and cash only, several days prior to the filing of the petition for relief. This Court feels the seizure of cash presents an entirely different question than was presented to Judge Brody in the *Troy Industrial* case. While one can redeem tangible or real property with cash, one hardly redeems cash for cash.

The Court in an earlier setting expressed its conviction that the levy effects a seizure of the debtor's property that amounts to an absolute transfer of ownership and title of the property, that is, where we are concerned with cash.

This Court relies principally on the *Cross Electric Company v. United States of America* case, 664 F.2d 1218, reported out of the Fourth Circuit Court of Appeals on November 24, 1981, wherein Judge Russell speaking for a unanimous court stated the levy operated as virtually a transfer to the government of the indebtedness, which, in that case was an account receivable.

The particular point is that this Court makes the definite distinction between the seizure of tangible personal or real property which must be sold to satisfy or extinguish any debt and the seizure of property in the form of cash which is not to be sold and in which the debtor can retain no interest after seizure.

It is therefore held by this Court that where, as here, the taxing authority of the United States Government has seized cash prior to the filing of the petition for relief the debtor retains no interest therein; the cash in a bank account, as here, does not remain in any shape, manner or form property of the estate. Therefore, the debtor is not entitled to a turnover order of any part of these funds.

So ordered.