In re HURRICANE ELKHORN COAL CORPORATION, II, Debtor.

FIRST NATIONAL BANK OF LOUISVILLE, Plaintiff,

v.

HURRICANE ELKHORN COAL CORPORATION, Defendant and Cross-Plaintiff,

and

Logan and Kanawha Coal Company, Inc., Defendant and Cross-Defendant.

Bankruptcy No. 38100203.
Adv. No. 3810181.

United States Bankruptcy Court, W. D. Kentucky.

June 10, 1982.

**632**

James G. Apple, Louisville, Ky., James W. Halloran, Cincinnati, Ohio, for Logan & Kanawha.

John P. Reisz, Louisville, Ky., for Hurricane Elkhorn.

David T. Stosberg, Louisville, Ky., for First Nat.

## ORDER OVERRULING MOTION TO ALTER JUDGMENT

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

After time had expired for the filing of a notice of appeal, Logan-Kanawha has sought an alternate medium for the avoidance of this court's final order of April 28, 1982. The effort takes the form of a "motion to alter judgment."

The motion does not seek "alteration" as that term is understood in practice—such as an amendment of the findings of fact upon which a judgment rests—but rather an absolute reversal of the substantive judgment itself.

The memorandum supporting the motion essentially argues (1) an incorrect application of state decisional law to the facts surrounding this dispute, and (2) a subsequent change of position of the debtor (from an operating business to an inoperative one) which deprives our earlier order of its fundamental rationale.

Both the supporting memorandum of law and the affidavit of counsel are contentious in tone, as befits appellate argument, but unpersuasive of a change of position of this court. Rather than be drawn into argument with counsel, with the right to appeal apparently having been waived, we will attempt to make more simple and clear the content of our earlier order.

The fulcrum of our opinion of April 28, 1982, was the new definition of "property of the estate" contained in the Bankruptcy Reform Act of 1978. The definition is sweeping and expansive, intentionally so, according to the legislative history and the opinion of scholars in the field, and one which comports nicely with the equally enlarged jurisdiction of bankruptcy courts contained in 28 U.S.C. § 1471. The combination of that broad jurisdictional grant and the related definition of "property of the estate" brought this reluctantly willing forum to its conclusion.

It is the new federal statutory definition of "property of the estate" which led this court, in a case of first impression, to regard as less than controlling those earlier Kentucky and federal cases leading to an opposite conclusion. More simply said, we apply the rule of statutory construction that in the event of conflict between new federal statutory law and earlier state and federal case law, the former must prevail.

Our order will be permitted to stand despite the affidavit of counsel for Logan-Kanawha that a subsequent change in the debtor's position deprives the earlier order of its foundation.

To begin with, there is no proof in the record that Hurricane Elkhorn has termi-

nated operations and is in liquidation. There is only the contention of counsel, taking the form of an affidavit, to that effect. If that is indeed the case, there are other, more appropriate methods in which that issue of fact can be raised, and a remedy provided, at any time in this ongoing proceeding.

Further, for this or any court to base a judgment *not* on facts in the time, place and manner of their occurrence, but upon facts which subsequently arose, after the issues have been joined and placed under submission, would raise ethical questions of a high order.

As a practical matter, our earlier order would not be ultimately affected by the operating or non-operating status of Hurricane-Elkhorn. In either case, the "property of the estate" question would remain the same, although in a liquidation court the trustee, on these facts, would not likely raise the issue to its present prominence.

For the above reasons, and without any surprise whatsoever to these vigorously opposing counsel, it is hereby ORDERED that the Motion of Logan & Kanawha to Alter Judgment is hereby overruled.