**In re K & L INTERIORS, INC., Debtor.**

**John B. FRANZWA, Trustee, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 381–03281.
Adv. No. 82–0305.

United States Bankruptcy Court,
D. Oregon.

Sept. 1, 1982.

Bradley O. Baker, Portland, Or., for trustee.

Charles H. Turner, U.S. Atty., Portland, Or., for USA.

John B. Franzwa, Trustee, pro se.

## FINDINGS AND CONCLUSIONS

FOLGER JOHNSON, Bankruptcy Judge.

The trustee seeks to recover as preferential under Section 547(b) of the Bankruptcy Code a payment of $15,120.81 made to the Internal Revenue Service on delinquent taxes less than 90 days before the filing of debtor's Chapter 7.

IRS had assessed the taxes and, since debtor did not pay them within the specified time, IRS acquired a lien on debtor's assets. To make the lien valid against the subsequent trustee in the Chapter 7, it was necessary to file a notice of lien. No such notice was ever filed.

The payment to IRS only paid part of the assessed taxes. IRS admits no lien can be claimed as to the balance still owing, but argues that the payment prior to bankruptcy "fixed" the lien as to the amount paid, giving that part of the tax obligation the same lien status as if notice had been filed, and protecting IRS from the trustee's attempt to recover the payment. Section 547(c)(6) provides that the trustee may not avoid a transfer "that is the fixing of a statutory lien that is not avoidable under Section 545 of this title." The original version specifically protected transfers in satisfaction of such liens, but this was eliminated in the final version as being unnecessary and self evident.

Payment is not notice to a bona fide purchaser and cannot take the place of the notice required by the Code. There was merely an assessment lien in existence and to "fix" that to make it valid against a trustee as a bona fide purchaser or judgment lien creditor the usual filing of the notice of lien was required. Where the lien is "fixed" or perfected by filing within the 90 days prior to bankruptcy, Section 547(c)(6) prevents it from being a preference. Payment, rather than fixing a lien, extinguishes the assessment lien to the extent of such payment.

The trustee also contends that even if IRS should be held to have acquired a lien at the time of or before payment, the trustee should still be able to recover the pay-

ment to the extent necessary to cover administrative expenses and claims having a higher priority than IRS under Section 724, so that the scheme of distribution contemplated by the Bankruptcy Code can be carried out. The debtor corporation liquidated all its business assets prior to bankruptcy—there is no contention this was inventory—and paid the proceeds to IRS, so there are no other assets for the trustee to administer. In this instance the Court would hold with IRS rather than the trustee. Payment on a tax lien is payment to a secured creditor and is not recoverable by the trustee as a preference, nor is it recoverable for distribution purposes under Section 724(b) as the estate no longer had any interest in it as required by such section.

Since, however, payment did not "fix" a lien and the assessment had not created a lien valid against the trustee, the payment to IRS was nothing more than a payment to an unsecured creditor within 90 days before bankruptcy on an antecedent debt. The debtor was clearly insolvent at the time, and IRS received more than it would have otherwise received as a dividend in the Chapter 7. Such preferential transfer is therefore voidable by the trustee.

The trustee is entitled to recover the preference to the extent necessary to pay all administrative expenses, all claims totaling $9,557.13 having a higher priority than IRS and the pro rata share that would be paid as a dividend on state tax claims having the same priority. It is impossible to determine at this time what would be needed for this purpose. There has not been any audit of the claims and some claims might be reduced upon objection by the trustee. Furthermore, the fees of the trustee and his attorney are not allowed and fixed until the final meeting of creditors. It is likely that this decision will be appealed by IRS, thus increasing the fee to which the trustee's attorney will be entitled.

The only practical solution is to order IRS to return the full $15,120.81, but to provide that the trustee shall receive no commission on the amount later returned to IRS and that in allowing a fee to the trustee's attorney, the benefit of his services to the estate shall be the difference between the $15,-

120.81 and the amount returned to IRS. Judgment shall be entered accordingly. IRS may, therefore, amend its claim in the Chapter 7, increasing it by the full amount returned to the trustee as an unsecured priority tax claim.