In re ROGERS REFRIGERATION, INC., Debtor.

Joseph T. McNAUGHT, Trustee in Bankruptcy, Plaintiff,

v.

INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 382–00557.
Adv. No. 83–0216.

United States Bankruptcy Court, D. Oregon.

Sept. 13, 1983.

Charles H. Turner, Portland, Or., G. Scott Nebergall, Kansas City, Mo., for Internal Revenue Service.

Edward J. Benett, Newton, Iowa, for Joseph T. McNaught, trustee in bankruptcy for the estate of Rogers Refrigeration, Inc.

## FINDINGS AND CONCLUSIONS

FOLGER JOHNSON, Bankruptcy Judge.

This came before the Court on defendant's motion to dismiss and plaintiff's motion for summary judgment. The facts are not in dispute. The Internal Revenue Service had assessed taxes against the debtor, Rogers Refrigeration and, upon nonpayment, filed notices of federal tax liens on December 7 and 8, 1981. This was followed by a levy and sale of assets in December and January which netted IRS $1,218.88 after expenses of sale. IRS also collected $218.00 from levies on accounts receivable for a total realization of $1,436.88. The debtor filed its Chapter 7 petition in the Bankruptcy Court on March 3, 1982, and Joseph T. McNaught was appointed trustee.

There are no other assets in debtor's estate, and priority claims for wages and contributions to employee benefit plans under § 507(a)(3) and (4) far exceed the amount realized by IRS. While the trustee might have realized more than IRS in liquidating the assets, IRS would still have received nothing in a distribution of the assets through the debtor's estate as § 724(b) subordinates the tax lien to expenses of administration and claims given a priority in § 507(a)(1) through (5).

The trustee is attempting to avoid the levy and sale as a preferential transfer that gave IRS more than it would have received otherwise through debtor's estate. Although the tax lien was filed and the levy occurred within the 90 days prior to bankruptcy, the lien was a statutory one that became fixed upon the filing of such lien in December. Section 547(c)(6) therefore protects it from general avoidance by the trustee.

■ The issue is whether the trustee may still recover the transfer obtained by IRS to the extent necessary to pay those claims given a higher priority under the Bankruptcy Code, thus preventing IRS from obtaining a preferential position over those creditors by action within the 90-day preference period and thus destroying the distribution scheme mandated by Congress.

This Court held in *In re K & L Interiors, Inc.,* 34 B.R. 118 (Bkrtcy.D.Or.1982), that where a tax had been assessed but no tax lien filed prior to the bankruptcy that such lien had not become "fixed" as required by § 547(c)(6) and that payment of part of the tax through sale of assets by the debtor within 90 days prior to bankruptcy did not "fix" the lien to the extent of the payment. IRS was therefore nothing more than an unsecured creditor and the trustee could recover the preferential transfer. The Court recognized the danger of creating a rule which would enable the trustee and his attorney to recover such a tax payment primarily to create fees for themselves where wage claims were negligible, and therefore held the trustee was entitled to recover the preference to the extent necessary to pay administrative expenses on such recovery and to pay those claims having a higher priority than IRS. Since, however, the amount could not yet be determined, the Court ordered return of the entire tax payment to the trustee, but provided the trustee and his attorney should receive no fee on the amount of the dividend later paid to IRS. The Court said, however, that if the tax lien had been duly filed before IRS received the payment, the result would have been different:

"Payment on a tax lien is payment to a secured creditor and is not recoverable by the trustee as a preference, nor is it recoverable for distribution purposes under Section 724(b) as the estate no longer had any interest in it as required by such section."

In the recent case of *United States v. Whiting Pools, Inc.,* —— U.S. ——, 103 S.Ct. 2309, 76 L.Ed.2d 515, 10 B.C.D. 705 (1983), IRS had seized assets of the debtor under a tax lien but such assets had not been sold prior to the filing of the Chapter 11. The Supreme Court held that the reorganization estate includes property of the debtor that has been seized by a creditor prior to the filing of a petition for reorganization. IRS is bound by § 542(a) to the same extent as any other secured creditor and the Bankruptcy Court can order the return of the collateral to the debtor-in-possession or trustee as long as IRS is provided adequate protection under § 363(e).

The important distinction in *Whiting Pools* is that mere seizure of the property does not transfer ownership. The Court went on to say, however:

"Ownership of the property is transferred only when the property is sold to a bona fide purchaser at a tax sale. . . . In fact, the tax sale provision itself refers to the debtor as the owner of the property after the seizure but prior to the sale. Until such a sale takes place, the property remains the debtor's and thus is subject to the turn over requirement of § 542(a)."

■ Since IRS had sold the seized assets of Rogers Refrigeration prior to bankruptcy, ownership had been transferred to a bona fide purchaser, leaving the debtor no interest in such property. The application of the proceeds of sale extinguished the tax lien of IRS to that extent. The general rule is that turning over before bankruptcy to a secured creditor collateral securing such loan is not a preferential transfer. IRS was such a secured creditor. Nor can the proceeds be recovered by the trustee to distribute to higher classes of priority creditors since such classes are preferred over

IRS only where the tax lien on those assets still existed at the time of bankruptcy.

Judgment shall therefore be entered for defendant Internal Revenue Service.