**In re Bruce D. BRIGHTY, Debtor.**

**W. Randall DEAN, Heather E. Clark, Plaintiffs,**

**v.**

**Bruce D. BRIGHTY, Defendant.**

**Bankruptcy No. 38101664.**
**Adv. No. 3820126.**

United States Bankruptcy Court,
W.D. Kentucky.

Dec. 6, 1983.

On Motion to Reconsider and Set Aside
Jan. 4, 1984.

Grant M. Helman, Louisville, Ky., for debtor.

Samuel G. Hayward, Louisville, Ky., for plaintiffs.

MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

When Alice said to the Queen, "Stuff and Nonsense",[1] she could have been referring

---

1. Alice's comment to the Queen at the conclusion of the trial to determine who stole the Tarts. Carroll, *Alice's Adventures in Wonderland,* 1865.

to *Dean and Clark v. Brighty,* as the following summary will reveal.

Trying to formulate exactly what we are expected to adjudicate in this proceeding has been itself a surrealistic adventure—(1) would we, a Bankruptcy Court for the Western District of Kentucky, usurp the Florida Probate Court and interpret a will, written and executed in Florida, disposing of realty in that state; or (2) would we be deciding a dischargeability question; or (3) would we be deciding whether to dismiss the debtor's petition entirely? All of the above? None of these? The legal morass before us is due in large measure to a procedural laxity which has plagued this case from the very beginning, and which makes a busy court's task even more difficult.

This adversary proceeding arose in a Chapter 7 bankruptcy filed on June 23, 1981 by Bruce Brighty. Plaintiffs in this action, W. Randall Dean and Heather E. Clark, had previously filed a breach of contract suit against the debtor. It was automatically stayed upon the bankruptcy filing.[2]

Dean and Clark initially approached this court on October 15, 1981, with a motion to dismiss the petition. A supporting affidavit indicated the existence of state court litigation regarding fraud in the inducement of a contract. An order of dismissal was tendered but not signed.

Again, on January 27, 1982, these creditors sought dismissal. Counsel's accompanying affidavit chronicled the state court suit, stated that property of the debtor not listed in the petition was discovered during the course of that litigation, and requested dismissal of the petition for debtor's failure to list all assets. Plaintiffs moved in the

alternative for a hearing on their claim, especially the punitive damages issue.

This second dismissal request was set for hearing but debtor's counsel withdrew prior to the scheduled date. We then heard argument of creditor's counsel and the debtor; decided to hold the matter in abeyance until the issues were further clarified; and instructed the creditors to file an appropriate adversary proceeding.

Their resulting complaint alleged that: (1) the breach of contract suit resulted in judgment for the creditors, $12,000 compensatory damages and $5,000 punitive damages; (2) the debtor owns or has an interest in property not listed among his assets; and (3) the punitive damages are not dischargeable.[3]

The pleading concluded with a demand for dismissal of the petition for failure to list all material assets, and alternatively, that the punitive damages be held nondischargeable.[4]

At this point in the controversy, confusion took control. With counsel of record having withdrawn, the debtor personally filed an answer, denying that he failed to list all material assets. We held a pre-trial conference and remanded the matter from our docket while the debtor appealed the state court judgment. After that appeal was dismissed, the parties were still unable to settle their differences. We set a February 7, 1983 trial date, but on that date the parties agreed to submit the matter on the basis of factual stipulations. Two such documents have been filed.

The creditor supplied us only with a copy of the state court judgment, a transcript of

**2.** 11 U.S.C. § 362(a).

**3.** This court faithfully adheres to the liberal spirit of the Federal Rules of Civil Procedure, and permits "notice pleading." However, we feel compelled to comment that this pleading falls far short of satisfying FRCP 8(a). It presented only the most general allegations that could presumably constitute the "cause" necessary for a dismissal, and a conclusory statement that the punitive award was nondischargeable. No reference was made to our subject matter jurisdiction or the statutory ba-

sis for the cause of action, nor were we given any other clues as to what Bankruptcy Code sections might determine this dispute. Nevertheless, because the initial pleading so inferred, we have assumed the existence of two causes of actions, under § 707 and § 523(a)(2)(A).

**4.** We have previously sustained the creditor's motion for partial summary judgment, and granted the § 523 relief sought regarding the punitive damages.

the debtor's testimony at that trial pertaining to the Florida property, and a copy of the will in question, along with an unsubstantiated conclusion that the debtor was given "certain vested property rights" under that will.

The debtor simply forwarded a copy of the will and his statement that "the real estate which the plaintiffs contend the debtor has a life interest in is shown in the will not to be the facts in this action (sic)...." [5]

■ This being the hopelessly inadequate state of the proof as the matter comes under advisement, we must dismiss the complaint insofar as it seeks dismissal of the petition. Clear and convincing evidence that the debtor owned certain unreported property is vital to this § 707 claim. With no evidence before us other than an uninterpreted Florida will, we are unable to determine what property interest, if any, was omitted in the petition. We conclude that the creditor has not carried the burden of proof on a primary element of a § 707 claim—that "cause" exists to justify dismissal of the petition—and the complaint herein is accordingly dismissed. This is a final order.

ORDER

On Motion to Reconsider and Set Aside

We entered an order on December 6, 1983, dismissing the complaint filed by W. Randall Dean and Heather E. Clark in the bankruptcy of Bruce D. Brighty. Plaintiffs now move this court to reconsider and set aside that order.

Initially, we note that the prefatory comments in our earlier memorandum were meant to highlight the perplexities presented by the record under advisement. No personal insults or negative insinuations were intended; only constructive criticism was contemplated. Our message was simple: adversary proceedings should be practiced with all the rigor required by the Federal Rules of Civil Procedure to allow meaningful adjudication.

As indicated in our prior order, we scheduled this dispute for a full evidentiary hearing. However, by agreement of parties, the matter was submitted upon factual stipulations. Plaintiffs' contribution to the record consisted of an eight-point stipulation of facts and a copy of the will of Celia S. Barr.

We reviewed the entire record and concluded that the proof was ".hopelessly inadequate." We could not isolate any definite "property" omitted from the schedules, and dismissed the complaint.

■ In an attachment to the memorandum in support of the present motion, plaintiffs finally attempt to furnish "the key" to unravel this matter. They offer, for the first time, a copy of a Florida court order specifying certain real property devised to Bruce Brighty, as a tenant in common. While this evidence might have been sufficient for us to find cause for dismissal of the petition, it was *not* part of the record when our decision was made. It cannot, after the fact, nullify that determination.

In the interest of the finality of litigation, we cannot allow the piecemeal, postsubmission trial of a case; we have earlier observed that to allow a never-ending trial by affidavit "after the issues have been joined and placed under submission, would raise ethical questions of high order." *In re Hurricane Elkhorn Coal Corp. II*, 20 B.R. 631, 633 (Bkrtcy.W.D.Ky.1982).

Our evaluation of the record, *as it came under advisement,* remains the same. Therefore, we overrule the motion to reconsider and set aside the earlier order.

---

5. Debtor's Brief, pp. 1–2.