**In re AIC INDUSTRIES, INC., Ein: 84–0969935, Debtor.**

**No. 87 B 12694 J.**

United States Bankruptcy Court, D. Colorado.

March 15, 1988.

William D. Nelsch, Denver, Colo., for debtor.

George Eliopoulos, U.S. Dept. of Justice, Washington, D.C., and John Weeda, U.S. Attorney's Office, Denver, Colo., for U.S., I.R.S.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH,
Bankruptcy Judge.

THIS MATTER came before the Court upon an Application for Turnover of Property and Other Relief filed by the Debtor and the response thereto filed by the United States.

The United States through the Internal Revenue Service (IRS) claims the Debtor owes $52,893.68 for federal withholding and Federal Insurance Contribution Act (FICA) taxes. On October 20, 1987, the IRS served a notice of levy on Weaver Construction Company for the accounts receivable of the Debtor. The amount Weaver owes to Debtor for work performed is $30,148.00.

On October 22, 1987, the Debtor filed its petition for protection under Chapter 11 of the Bankruptcy Code. The Debtor has requested the turnover of the account receivable upon which the IRS has levied because such funds are necessary for the operation of the Debtor.

It is the position of the IRS that levy upon cash or its equivalent amounts to the transfer of ownership to the IRS. Since the IRS levied upon the accounts receivable before the bankruptcy petition was filed, the IRS contends that such accounts never were part of the bankruptcy estate.

Since the Debtor cited no authority for its position, we will initially address the arguments set out by the IRS.

Seven cases are cited by the IRS in support of their assertion that a levy upon cash or its equivalent is tantamount to a transfer of ownership of property to the Government. Upon reading the cases cited, we find that only three out of the seven so hold: *Cross Electric Company, Inc., v. U.S.*, 664 F.2d 1218 (4th Cir.1981); *In re Professional Technical Services, Inc.*, 71 B.R. 946 (Bankr.E.D.Mo.1987); and *In re Deflorio*, 30 B.R. 815 (Bankr.N.D.N.Y. 1983). The other four cases are, at the least, distinguishable.

*In re Rogers Refrigeration, Inc.*, 33 B.R. 59 (Bankr.Or.1983) involved a notice and sale of assets and *collection* from levies on accounts receivable prior to the bankruptcy filing. In other words, not only levy, but *satisfaction* of the levy (at least to the extent of the amount of accounts receivable) all occurred prior to the petition being filed. In the case before this court, there is only a levy prior to the petition. The court in *Rogers Refrigeration* did not address the issue of whether a levy upon cash

or its equivalent is tantamount to a transfer of ownership to the government.

*Matter of Cyber Electric Company,* 18 B.R. 921 (Bankr.E.D.Mich.1982) is distinguishable because, unlike the present case, there had been a seizure of the funds, not just a levy on them.

*U.S. v. National Bank of Commerce,* 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985), involving assets of a bank account, states clearly that the IRS Code permits "the IRS to levy on the assets at once, leaving *ownership disputes* to be resolved in a post-*seizure* administrative or judicial proceeding." (emphasis added) It is obvious that this case is not asserting that levy upon cash transfers ownership to the Government.

*In re Debmar Corporation,* 21 B.R. 858 (Bankr.S.D.Fla.1982), is similar to *Rogers Refrigeration, supra,* in that the levy had been satisfied prior to the bankruptcy petition being filed. The court held that "a pre-petition levy by the IRS on debts due the debtor which are not paid pre-petition does not divest the debtor of ownership of the debts and thus that bank accounts and accounts receivable subject to an IRS levy are 'property of the estate' within the meaning of 11 U.S.C. § 541 and are subject to turnover under 11 U.S.C. § 542." The court, after stating this rule, based its decision on the fact that the levy had been satisfied *pre*-petition and found that the funds were not part of the estate.

There are numerous cases that support the Debtor's assertion that the accounts receivable are property of the estate. On facts similar to the case before this court, the court in *Matter of Bristol Convalescent Home,* 12 B.R. 448 (Bankr.D.Conn. 1981) held that monies owed a Chapter 11 debtor were property of the bankrupt's estate and were subject to turnover proceeding, even though they had been levied upon by the IRS before filing of the Chapter 11 petition.

*In re Health America of Florida, Inc.,* 22 B.R. 268 (Bankr.M.D.Fla.1982) concerned almost identical facts to the present case. There the IRS had levied on accounts receivable the day before the bankruptcy filing for unpaid employment taxes. The court found that where adequate protection could be offered, the full amount of debtor's accounts receivable covered by the IRS levy was subject to turnover. In that case, as in the case before this court, the IRS claimed that *U.S. v. Whiting Pools, Inc.,* 674 F.2d 144 (2nd Cir.1982) *aff'd* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), could not be used to support the debtor because *Whiting Pools, Inc.* involved tangible property whereas accounts receivable are intangible. The *Health America* court specifically rejected the distinction proffered by the IRS between tangible and intangible property.

Pre-petition freight charges allegedly due debtors from customers because of underpayments were found to be property of the estate in *Maislin Industries, U.S. v. A.J. Hollander Co.,* 69 B.R. 771 (Bankr.E. D.Mich.1986), as were accounts receivable in *In re Aaronics Equipment Rentals & Sales, Inc.,* 56 B.R. 297 (Bankr.M.D.La. 1985).

Subsequent to levy by the IRS, the debtor retains some rights: the right to redeem, the right to notice of sale and the right to receive any surplus remaining after application of the proceeds of the sale to the costs of the levy and sale and satisfaction of the tax liability, 26 U.S.C. § 6342. The IRS argues that when the property is cash in the amount less than the tax liability, the exercise of these rights is meaningless; to redeem a sum of money by paying the greater sum of money of the tax liability would be "incredible." *Cross Electric, Inc. v. U.S., supra.* There will be no sale nor any surplus.

However, just because the debtor may not exercise his rights in the property does not mean that those rights are extinguished. *In re Davis,* 35 B.R. 795 (Bankr. W.D.Wash.1983) involved an IRS levy in the amount of $41,420 on the debtor's bank account which contained $1,899.76. The court held that pre-petition notice of levy served by the IRS on debtor's bank did not totally extinguish debtor's rights in monies in the bank account and, therefore, funds

became part of the debtor's estate upon filing of petition in bankruptcy.

In another case similar to the one before the Court the debt to the IRS was $330,-525.50 and the accounts receivable levied upon amounted to $62,523.02. The court held that where the IRS had issued levies against debtor's accounts receivable in the nature of cash proceeds, but no property had been seized, and where debtor retained significant rights with respect to the property in question, the debtor had sufficient residual property interest in accounts receivable levied upon by the IRS so that the accounts were deemed property of the estate. Accordingly, the debtor as debtor in possession could invoke turnover rights subject to providing adequate protection. *In re Hudson Valley Ambulance Serv., Inc.*, 11 B.R. 860 (Bankr.S.D.N.Y.1981).

Section 6331 of the IRS Code (26 U.S.C.) empowers the IRS to levy upon all property of the taxpayer for any delinquent taxes. But there are limitations upon that power:

1. There must be seizure of the property and the owner must be given notice of such seizure. 26 U.S.C. § 6335(a) In interpreting this statute the court in *In re Dunne Trucking*, 32 B.R. 182 (Bankr.N.D.Iowa 1983) found that the IRS' notice of levy on debtor's checking account was not tantamount to seizure and appropriation of debtor's ownership rights in the account such that the account was not subject to turnover under 11 U.S.C. § 542. The court found that since there was no seizure the account was property of the estate and subject to turnover. There was no evidence presented by the IRS to this Court to the effect that there was seizure of AIC Industries' accounts receivable.

2. The property must be sold. 26 U.S.C. § 6335(b) This applies to accounts receivable as well as tangible property. *In re Barlows*, 36 B.R. 826 (Bankr.E.D.Va.1984)

3. 26 U.S.C. § 6502(b) states that the date on which a levy on property or right to property is made shall be the date on which the notice of seizure provided in section 6335(a) is given. There was no evidence presented to this Court that a notice of seizure was ever given. Therefore, even adopting the IRS' argument that the accounts receivable ceased being property of the estate upon date of levy, they would still fail, since the levy was apparently not complete when the bankruptcy petition was filed.

■ This Court finds that the Debtor has sufficient residual property interests in the accounts receivable levied upon by the IRS so that the accounts are deemed property of the estate and the Debtor may invoke the turnover provisions of 11 U.S.C. § 542 subject, however, to providing adequate protection pursuant to 11 U.S.C. § 363.

■ As adequate protection, the Debtor has offered to the IRS the following:

1. A first and prior lien on Accounts Receivable and Equipment.

2. Insurance naming the IRS as loss payee in the event of loss on equipment.

3. Adequate protection payments of $660 per month.

There was no evidence presented to the Court as to the value of or presence of other encumbrances on the accounts receivable or equipment. Nor was there evidence presented as to the value of the insurance policy on the equipment. Paying $660 per month, it would take the Debtor over 6½ years to pay the IRS levy of $52,893.68. This Court does not consider this adequate protection.

Even though the accounts receivable are considered property of the estate, the Debtor has not offered adequate protection to the IRS and, therefore, the Debtor's Application for Turnover of Property should be denied. It is, therefore,

ORDERED that the Debtor's Application for Turnover of Property against the Internal Revenue Service is hereby denied.