**In The Matter Of UNITED FRUIT & PRODUCE CO., INC., Debtor.**

**The ALLIED GROCERS CO-OPERATIVE, INCORPORATED, Movant,**

v.

**UNITED FRUIT AND PRODUCE CO., INC., Respondent.**

**Bankruptcy No. 2–87–00049.
Motion No. 2–87–0182M.**

United States Bankruptcy Court,
D. Connecticut.

May 4, 1988.

Lorinda S. Coon, and David A. Haught, Cooney, Scully and Dowling, Hartford, Conn., for movant.

Ralph Chin and Matthew Gordon, Day, Berry & Howard, Hartford, Conn., for objecting creditor, Del Monte Fresh Fruit Co.

Martin W. Hoffman, Hartford, Conn., trustee.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

The issue involved in this proceeding is whether the bankruptcy court is a proper forum to resolve claims of beneficiaries to trust property to which the debtor holds legal title. The following background is derived from the papers filed on a motion for summary judgment in a contested motion for relief from stay and from the case file.

### II.

United Fruit & Produce Co., Inc., the debtor, was a distributor of and dealer in fresh fruit and produce when on or about September 20, 1986 it ceased business operations. Allied Grocers Co–Operative, Incorporated (Allied), a creditor, filed a complaint on October 3, 1986 in the Connecticut Superior Court seeking to recover $26,-303.35 from the debtor. Allied obtained a pre-judgment remedy and garnisheed Norwalk Co–Op, Inc. (Norwalk), an account debtor of the debtor, for $30,000.00. The filing of an involuntary chapter 7 bankruptcy petition against the debtor on January 20, 1987 stayed the Superior Court action. The bankruptcy court entered an order for relief on February 24, 1987, and the creditors thereafter elected Martin W. Hoffman trustee of the estate. According to its schedules, the debtor's sole assets are accounts receivable totaling $172,856.30. The debtor acknowledged liabilities amounting to $2,705,982.79.

The debtor had been licensed as a dealer by the United States Department of Agriculture (USDA) under The Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §§ 499a–499s. For the purpose of protecting unpaid producers and shippers of perishable agricultural commodities (suppliers), PACA provides that such

> commodities received by a commission merchant, dealer, or broker ... and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2) (Supp. IV 1986). Other provisions require unpaid suppliers to file notices of intent with the Secretary of Agriculture and the commission merchant, dealer or broker within certain time limits in order to preserve their trust benefits. 7 U.S.C. § 499e(c)(3) (Supp. IV 1986).

Allied, claiming that it is a supplier and that the Norwalk receivable represents a PACA trust, filed the present motion for relief from stay for the purpose of continuing its state-court action. Del Monte Fresh Fruit Company (Del Monte), a creditor of the debtor with an alleged debt of $38,-109.60, who similarly claims to be a PACA supplier, filed an objection to the Allied motion and moved for summary judgment. *See* Bankr.R. 7056, 9014.

### III.

Both Allied and Del Monte assert that all reported court holdings find that PACA creates a federal statutory trust for the

benefit of suppliers in a dealer's receivables arising from the sales of perishable commodities. These courts then conclude that under PACA and Bankruptcy Code § 541(d)[1] such receivables are not property of a bankruptcy estate as they are not available for distribution to non-PACA creditors. *See In re Fresh Approach, Inc.*, 48 B.R. 926, 931 (Bankr.N.D.Tex.1985); *In re Fresh Approach, Inc.*, 51 B.R. 412, 418–21 (Bankr.N.D.Tex.1985); *Houston Avocado Co. v. Monterey House, Inc. (In re Monterey House, Inc.)*, 71 B.R. 244–47 (Bankr.S.D.Tex.1986); *In re W.L. Bradley Co.*, 75 B.R. 505, 512–13 (Bankr.E.D.Pa.1987). The USDA advised the court, on April 23, 1987, that there are thirty suppliers including Allied and Del Monte who qualify as trust beneficiaries in the amount of $389,761.59.

The thrust of Del Monte's argument is that despite the concession that PACA trust funds are not estate property and not available to non-PACA creditors, these funds remain subject to bankruptcy court control. Del Monte contends the receivables may be collected by the trustee and divided among the beneficiaries pro rata, where, as here, such funds will be insufficient to satisfy PACA claims in full.

Allied insists that the court decisions ruling that PACA funds are not property of the bankruptcy estate must be taken literally, and, accordingly, the bankruptcy court should exert no jurisdiction over such non-estate property. Allied proposes that claimants to PACA funds should assert their contentions in the non-bankruptcy court fora.[2]

## IV.

Del Monte's motion for summary judgment will be granted, and Allied's request for relief from stay denied. I fail to see why the trustee should not collect PACA receivables and the bankruptcy court determine the rights of the beneficiaries. The bankruptcy court, among all courts, state or federal, is the one endowed with the most powers to collect receivables from account debtors wherever located through the United States, to process the filing of claims, and to make any other determinations appropriate for such proceedings. A possibility exists that equity in the receivables may remain for the debtor's estate. *Cf. Maislin Indus., U.S. v. A.J. Hollander Co.*, 69 B.R. 771, 775 (E.D.Mich.1986) (debtor's adversary proceedings to recover on accounts receivable which are encumbered by security interest are related proceedings over which bankruptcy court has jurisdiction, where validity and extent of security interest is yet to be determined). *Cf. also Tringali v. Hathaway Machinery Co.*, 796 F.2d 553 (1st Cir.1986) (where debtor's product liability insurance policy was insufficient to satisfy the claims of several potential plaintiffs, relief from stay denied to policy claimant, and bankruptcy court to treat policy as asset of estate in order both to prevent a race to the non-bankruptcy courthouse and to maximize the ability of bankruptcy court to satisfy creditor claims and preserve the debtor's estate).

Del Monte directs the court's attention to a USDA comment accompanying the rules and regulations promulgated to implement the provisions of PACA:

> Where USDA may become involved, an informal distribution would be made on a pro-rata basis to beneficiaries who have protected their rights to trust benefits. Where a court is involved, USDA would recommend to the court that the available trust assets be distributed on a pro-rata basis to all beneficiaries who have protected their right to trust benefits.

1. 11 U.S.C. § 541(d) (Supp. IV 1986) provides: Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

2. The trustee responded neither to the motion for relief from stay nor the motion for summary judgment, although he appeared at the oral argument.

 

49 Fed.Reg. 45735 (1984). Allied has advanced no argument why a distribution other than on a pro rata basis should prevail, but a ruling on this issue need not be rendered at this time.

Accordingly, Del Monte's motion for summary judgment is granted, as there is no genuine issue as to any material fact, and Del Monte is entitled to judgment as a matter of law. The motion of Allied for relief from stay is denied. It is

SO ORDERED.