In re Richard Melvin HOOPER, Debtor.

Richard Melvin HOOPER, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Bankruptcy No. 92–12401 CEM.
Adv. No. 92–1630 RJB.

United States Bankruptcy Court,
D. Colorado.

Jan. 5, 1993.

John Turner, Callaway & Turner, Colorado Springs, CO, for plaintiff.

Susan Laughlin, U.S. Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Parties' Cross Motions for Summary Judgment. The undisputed facts are as follows.

The Debtor owed approximately $33,000.00 in back taxes, penalties and interest to the Internal Revenue Service ("IRS"). On or about February 20, 1992, the IRS levied on the debtor's wages. The Debtor is a salesman paid monthly by Physicians Mutual Insurance Company of Omaha, Nebraska.

On February 28, 1992, the Debtor filed his Chapter 13 petition. The Debtor's next scheduled pay date from his employer was March 3, 1992.

The employer, having been served with the IRS notice of levy, withheld all of the Debtor's wages that would have normally been paid on March 3, 1992. Subsequently, the IRS issued a partial release of levy, releasing any amounts due to the Debtor after February 28, 1992, the date the Debtor filed his Chapter 13 petition. On March 20, 1992, the employer tendered a check to the IRS in the sum of $1,345.52 based on wages due up to February 28, 1992. These funds have been applied to the Debtor's tax liability.

The Debtor argues, in substance, that the IRS must return the $1,345.52 to the Debtor because on the date he filed his Chapter 13 petition the only interest he had in his earned commissions was a mere expectancy of payment and therefore there was no property interest to which the IRS

levy could attach. The Debtor relies on *In re Babiarz,* 5 B.R. 701 (Bankr.W.D.N.Y. 1980). However, that case is based upon Section 191 of the Labor Law of the State of New York. In addition, that case holds that §§ 1306 and 541 of the Bankruptcy Code make the wages of the debtor part of the estate as of the date he has a right to receive the wages. That holding is in error. Wages earned by a debtor pre-petition but not yet paid on the date of filing become property of the bankruptcy estate notwithstanding that such wages are not payable until after the bankruptcy petition is filed. 11 U.S.C. § 541(a)(6). *In re Hebermehl,* 132 B.R. 651 (Bankr.Colo.1991).

 This case is nearly "on all fours" with the *Hebermehl* case, *supra.* The only difference is that there is no real challenge to the notice of levy issued in this case. This Court finds the *Hebermehl* case as persuasive and controlling here. The IRS levy of prepetition wages gave it a secured interest in those wages. It did not give the IRS title to those funds, however, and the IRS is required to turnover those funds *to the estate* if the Debtor provides adequate protection. *United States v. Whiting Pools,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983); *In re AIC Industries, Inc.,* 83 B.R. 774 (Bankr.Colo.1988).

At argument the Debtor claimed that his proposed Chapter 13 plan provides for payment of the IRS claim, and therefore the IRS is adequately protected. The Court disagrees. The plan must pay first the administrative priority claims, i.e. the fees of the Chapter 13 Trustee, before the IRS receives payment. In addition, it is the Debtor's absolute right to dismiss his Chapter 13 case at any time [11 U.S.C. § 1307(b)]. It is quite possible that as soon as the IRS pays these funds to the Chapter 13 Trustee, the Debtor could dismiss the case and the funds would be given back to the Debtor. We are not dealing with a piece of tangible personal property here, such as an automobile, but rather with cash. If it was just an automobile, the Debtor's plan may very well provide adequate protection. But when the property at issue is cash, it is very difficult for this Court to find that a promise to pay the cash in the future is adequate protection for a creditor with the cash in hand at present.

Under these circumstances the Defendant is entitled to judgment of dismissal on the turnover complaint and the Plaintiff/Debtor's Motion for Summary Judgment should be denied. It is, therefore,

ORDERED that the Motion for Summary Judgment filed by the Defendant United States of America is granted and the Complaint is dismissed, each party to bear its own costs.