**In re James L. REESE d/b/a Country Squire Restaurant & Imagination Enterprises, Inc., Debtors.**

**Louis A. RYEN, as trustee in Bankruptcies of James L. Reese and Imagination Enterprises, Inc., Plaintiff,**

**v.**

**Kent R. WOLOSON and United States of America Internal Revenue Service, Defendants.**

**Bankruptcy Nos. 79–24130, 79–24294 and 80–2061A.**

United States Bankruptcy Court, W. D. New York.

Sept. 15, 1981.

Sheri Moore Humphrey, Tax Division, Dept. of Justice, Washington, D. C., for defendants.

David D. MacKnight, Rochester, N. Y., for plaintiff.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

James L. Reese is the president and sole stockholder of Imagination Enterprises, Inc. On November 9, 1979, Mr. Reese, by his attorney, Kent Woloson, filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code. The petition was signed by Mr. Reese in his individual capacity. Listed on the schedule of assets was cash on hand in the amount of $3,854 consisting of and designated as $3,304 "office" and $550 "register". These funds were turned over to Mr. Woloson, who retained control of them throughout the proceedings.

On November 15, 1979, the caption of the petition was amended to read:

"In re James L. Reese Country Squire Restaurant Imagination Enterprises, Inc."

The declaration on the title page was signed by Mr. Reese in his individual capacity.

On December 14, 1979, the Internal Revenue Service served Mr. Woloson's secretary with a Notice of Levy in an attempt to seize all of the property belonging to Imagination Enterprises, Inc. then in the possession of Mr. Woloson.

On December 17, 1979, at the behest of the trustee, Mr. Woloson prepared a new petition for relief entitled "Imagination Enterprises, Inc." This petition was filed and signed by Mr. Reese in his capacity as president of the corporation. Contemporaneously, the schedules of Mr. Reese's individual petition were amended to exclude all corporate assets and liabilities. The cash assets designated "office" and "register" were dropped from the individual schedules and added to the corporate schedules. The IRS and the trustee each claim constructive possession of these funds.

The trustee advances two arguments in support of his position. First, he argues that the IRS may not levy on funds listed in

a debtor's schedules, since the debtor, even though not the owner, intended to have those funds administered by the Court. Alternatively, he argues that the IRS levy was defective for failure to properly serve Mr. Woloson.

The funds in question were at all times property of the corporation and the corporation did not file its bankruptcy petition until December 17, 1979. Even if the November 14, 1979 amended petition (encaptioned with the names of the corporation and Mr. Reese) manifested an intent to submit all personal and corporate assets controlled by Mr. Reese to this Court for administration, it was not effective. A Bankruptcy Court does not administer property which is not property of the debtor. Therefore, the IRS had every right to levy upon the funds in dispute.

The only question remaining is whether the levy was effective. Treasury Regulation § 301.6331–1(a)(1) provides that a "levy may be made by serving a notice of levy on any person in possession of ... property subject to levy." Neither the Internal Revenue Code nor the Treasury Regulation specify the manner in which the notice of levy must be served. Here, the notice of levy was left with Mr. Woloson's secretary, a person of suitable age and discretion. The Federal Rules would require no more (cf. FRCP 4(d)(1)). In addition, Mr. Woloson actually received the notice on the day it was served. It seems, therefore, that service was proper and the levy effective.

A levy effects a seizure of the delinquent taxpayer's property, *United States v. Sullivan*, (3rd Cir.) 333 F.2d 100. Having seized the property prior to the filing of the taxpayer's petition for relief under Chapter 7, the United States acquired full legal right to the funds as against the trustee in bankruptcy. *Phelps v. United States*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201. The $2,173.74 in question should be turned over to the United States and it is so ordered.