**In re Prosper F. D'AIUTO, Debtor.**

**Stephen D. GERLING,**
**Trustee, Plaintiff,**

**v.**

**UNITED STATES of America (INTERNAL REVENUE SERVICE), State of New York (Department of Taxation & Finance) and Prosper F. D'Aiuto, Defendants.**

**Bankruptcy No. 82–01437.**
**Adv. No. 84–0108.**

United States Bankruptcy Court,
N.D. New York.

March 22, 1985.

Stephen D. Gerling, Utica, N.Y., Trustee.

Frederick J. Scullin, Jr., U.S. Atty., N.D. N.Y., William H. Pease, Asst. U.S. Atty., Syracuse, N.Y., David M. Wise, Trial Atty., Tax Div., for defendants.

MEMORANDUM–DECISION
AND ORDER

LEON J. MARKETOS, Bankruptcy Judge.

On July 16, 1982, the Debtor sold his restaurant business to one William F. Bartell by a letter agreement, whereby the consideration for the sale was the assump-

tion by Bartell of all of the debts of the restaurant and his agreement to:

"pay upon demand, any and all amounts owing by me for sales taxes and federal and state withholding taxes, all of which have been incurred by me in the operation of the restaurant business to an amount not to exceed $15,000.00".

No money passed to the Debtor. Instead, sometime between July 16th and July 22nd, 1982, the purchaser deposited $15,000.00 with his attorney, to be held in escrow.

Thereafter, the following events took place:

On August 17, 1982 the taxing authorities made federal tax assessments against Debtor for employee income withholding taxes, social security taxes and unemployment insurance taxes in the total sum of $11,968.93. On the same day, a notice of levy was served upon the escrow agent in connection with this assessment.

On August 18, 1982 a notice of lien was filed in connection with these assessments in the Oneida County Clerk's Office.

On September 10, 1982 a final demand for payment was made upon the escrow agent.

On September 16, 1982 the escrow agent began an interpleader action in the United States District Court and deposited the $15,000.00 with the Clerk of the Court for the Northern District of New York. The funds were subsequently transferred to the Clerk of the Bankruptcy Court.

On September 27, 1982 the Debtor filed his petition under Chapter 7 of the Bankruptcy Code.

The Trustee in bankruptcy subsequently instituted the present adversary proceeding alleging the fund in question, being held by the escrow agent is property of the estate and should be administered by the Trustee and distributed to such creditors, priority and otherwise, as may be determined upon review of the claims register. Memoranda of Law were supplied to the Court based upon what appear to be stipulated facts, this was followed by a motion for summary judgment by the United States pursuant to Bankruptcy Rule 7056 and Fed.R.Civ.P. 56.

The Government contends there is no genuine issue of material fact and seeks judgment based on the applicable law. The Trustee agrees, but contends the law would prevent judgment in favor of the Government. The Trustee advised the Court by letter of January 22, 1985 that after receiving the motion for summary judgment he did not intend to submit any additional answer and asked that the Court consider his prior Memorandum of Law as constituting his opposition to the motion.

It is the position of the Trustee that the case of *United States vs. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) supports his position. In *Whiting Pools*, the United States Supreme Court sustained the argument that in a Chapter 11 case, a levy by the Government pre-petition, is ineffective to deprive the Debtor of tangible personal property, the value of which exceeds the amount of the levy and which is necessary for a reorganization.

In a footnote, however, the Court in *Whiting Pools* indicated it had no view and expressed none as to whether or not 11 U.S.C. § 542(a), the turnover section, has the same broad effect in a Chapter 7 or Chapter 13 case. *Id.* at 2315, n. 17.

In his Memorandum, the Trustee contends that 11 U.S.C. § 541(a) made significant changes relating to what property comes into an estate as compared to Sec. 70a of the Bankruptcy Act in that it broadens substantially what constitutes assets of the estate. His position is that the fund of $15,000.00 being held by the escrow agent is property of the estate by reason of the broad provisions of § 541 and, therefore, the pre-petition levy is made ineffective by *Whiting Pools*.

The Government, on the other hand, contends that the money being held by the escrow agent consists of trust funds which the Debtor was holding as trustee under

the provisions of the Internal Revenue Code (1954, Sec. 7501); 26 U.S.C. § 7501. This section, in pertinent part, provides:

"Whenever any person is required to collect or withhold any Internal Revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States."

The Government cites legislative history which in substance indicates that property of the estate does not include the beneficial interest in property held by the Debtor as trustee pursuant to 26 U.S.C. § 7501, [124 Cong.Rec. H 11,114. (92778); S. 17430–1, (10/6/78)].

The question of whether a debtor's rights to monies in a bank account would be totally extinguished by a pre-petition notice of levy filed by the IRS, preventing any money from becoming part of the estate upon filing has been considered by other courts. In *In re Davis*, 35 B.R. 795 (Bankr.W.D.Wash.1983), the Court held the debtor's rights in the bank account were not totally extinguished by the pre-petition IRS levy. The *Davis* Court distinguished *Phelps v. U.S.*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975), which is usually cited by those cases which hold a pre-petition levy by the IRS places the property beyond the reach of a trustee or debtor-in-possession. The *Davis* Court points out that the Court in *Whiting Pools* did address the *Phelps* case, although it did not expressly overrule it, but held it to be inapplicable because it dealt with intangible property, and further pointed out that the levy gave the IRS sufficient possessory interest to avoid the Bankruptcy Court's "summary jurisdiction". The Code, now, eliminates the old dichotomy of summary-plenary jurisdiction and, therefore, would seem to make *Phelps* unlikely as an authority.

The *Davis* Court also points out that the Court in *Whiting Pools* discussed *Phelps* in relation to the enforcement provisions of the IRS Code, 26 U.S.C. § 6321–6326, stating that these provisions do not transfer ownership of the property to the IRS, and states further that dictum in *Phelps*, indicating that the levy gave the IRS "full legal right" to the monies levied upon, is merely a restatement 'of the proposition that the levy gave the IRS sufficient *possessory* interest to avoid the Bankruptcy Court's "summary jurisdiction".

The case of *DiFlorio v. United States*, 30 B.R. 815 (N.D.N.Y.1983), a decision by Hon. Neal P. McCurn is not in accord with *Davis* and, of course, is binding on this Court. The facts in *DiFlorio* involved a pre-petition levy on the debtor's checking account by the IRS for unpaid taxes. There, the Court held that after the levy, the debtor had no interest in the checking account and granted summary judgment to the government, dismissing the complaint for wrongful levy. It may be distinguishable in that the levy was less than the value of the fund, as was the case in *Whiting Pools*.

However, there is to be considered the fact that the contract of sale in the case at bar did not provide for any money to be paid to the seller, the Debtor in this case. The money was segregated immediately for the payment of taxes and was delivered not to the seller but to the buyer's agent, in escrow, to be divided amongst the taxing authorities in accordance with their priority interests. This fact alone may be sufficient for a finding that the property in question never became a part of the bankruptcy estate since it was all completed prior to the filing of the petition and the Debtor had no possessory or beneficial interest in the money. On the facts of this case the deposit of the money in escrow may be deemed the equivalent of payment. As such, it is clearly not part of the estate. See *In Re Razorback Ready-Mix Concrete Co.*, 45 B.R. 917 (Bankr.E.D.Ark.1984.)

See also *In Re Reese*, 14 B.R. 113 (Bankr. W.D.N.Y. *contra, In Re Dunne Trucking Co.*, 32 B.R. 182 (Bankr.N.D.Iowa 1983).

Accordingly, based on DiFlorio and the segregation of the tax levy, the Court concludes that the complaint of the Trustee to declare the $15,000.00, plus interest pres-

ently in escrow, is denied to the extent of $11,968.93, and granted to the extent of $3,031.07. Interest earned on the sum of $15,000.00 is to be prorated. The motion of the Government, therefore, for summary judgment in the sum of $11,968.93, pursuant to its levy, is granted.

IT IS SO ORDERED.