These four cases were consolidated on appeal and involve the interpretation of § 6-10-7, Ala. Code 1975. The question before this court is whether proceeds withheld pursuant to a writ of garnishment may be paid over to the clerk of the appropriate court in partial payments in view of the language of § 6-10-7. The appellants are judgment debtors whose wages have been garnished pursuant to § 6-10-7, and the appellees are judgment lien creditors of the appellants.
In May 1986 the presiding judge of the 13th Judicial Circuit issued a standing order authorizing the "Clerks and Registers to collect partial payments in civil cases of damages, rewards, debts, and court costs, including garnishment withholdings." Since that time the practice under this local rule has been for the court to enter partial condemnation orders allowing partial payment of the judgment debt to the judgment creditor. In each appellant's case, the trial court denied a post-judgment motion filed by the appellant seeking the return of garnished wages that had been paid to the clerk of the court in partial payments, condemned by the court in a piecemeal fashion, and paid over to the judgment creditors. Hence, this appeal.
Section 6-10-7 provides the procedure to be followed in cases of writs of garnishment or other process for debts. Its language is as follows:
 "The wages, salaries or other compensation of laborers or employees, residents of this state, for personal services, shall be *Page 1140 
exempt from levy under writs of garnishment or other process for the collection of debts contracted or judgments entered in tort in an amount equal to 75 percent of such wages, salaries or other compensation due or to become due to such laborers or employees, and the levy as to such percentage of their wages, salaries or other compensation shall be void. The court issuing the writ or levy shall show thereon the amount of the claim of the plaintiff and the court costs in the proceedings, and should at any time during the pendency of said proceedings in the court a judgment be entered for a different amount, then the court shall notify said garnishee of the correct amount due by the defendant under said writ or levy. The garnishee shall retain 25 percent of the wages, salaries or other compensation of the laborer or employee during such period of time as is necessary to accumulate a sum equal to the amount shown as due by the court on the writ or levy, at which time the garnishee shall pay the same into court. Should the employment of the defendant for any reason be terminated with the garnishee, then the garnishee shall not later than 15 days after the termination of such employment, report such termination to the court and pay into court all sums as have been withheld from the defendant's wages, salaries or other compensation. If the plaintiff in garnishment contests the answer of the garnishee, as now provided by law in such cases, and proves to the court the deficiency or untruth of the garnishee's answer, then the court shall enter judgment against the garnishee for such amount as would have been subject to the order of condemnation had the said sum not been released to the defendant."
(Emphasis added.)
The appellants urge us to adopt an interpretation of § 6-10-7
so as to prohibit a garnishee from making partial payments of proceeds withheld to the appropriate court. The appellees, on the other hand, contend that partial payment of wages by the court is not prohibited by § 6-10-7. They maintain that the local rule allowing clerks to accept partial remittances is consistent with garnishment in the pre-judgment context and is not unreasonable, considering that a defendant is apprised of his exemption rights at the time the writ is served and that his claim of exemption must be interposed before a judgment of condemnation.
The fundamental role of the courts in the realm of statutory construction is to ascertain the legislative intent from the language used in the enactment. Where the statutory pronouncement is clear and unambiguous, there is no room for further judicial construction, and this court must abide by the statute as written. Parker v. Hilliard, 567 So.2d 1343
(Ala. 1990).
We conclude that the practice of accepting partial payments from a garnishee is inconsistent with the clear language of § 6-10-7, which provides in unambiguous terms that the garnishee shall retain a percentage of the debtor's wages and "accumulate a sum equal to the amount shown as due by the court on the writ or levy, at which time the garnishee shall pay the sum into court."
Had the procedure outlined in § 6-10-7 been followed here, the garnishees would have been in possession of the proceeds withheld from the appellants' wages. Because the appellants declared these wages to be exempt from garnishment pursuant to § 204 of the Alabama Constitution and §§ 6-10-6 and -37, Ala. Code 1975, they would have been entitled to a return of the wages and condemnation would not have ensued. While the trial court's judgment in the instant case appears to be in compliance with the local rule, it contravenes the legislative intent evidenced in the plain language of § 6-10-7. If such plain language, and the legislative scheme supporting it, is due to be rewritten, it should be done by the legislature. We therefore hold that the disputed judgments of condemnation are due to be set aside and that the trial court's denial of the appellants' motions seeking return of the garnished wages was in error. Accordingly, the judgment of the trial court is due to be reversed and the cause remanded with instructions that the trial court enter an order consistent with this opinion. *Page 1141 
This court is cognizant of the fact that, by order dated October 4, 1989, the Supreme Court of Alabama amended Rule 83 of the Alabama Rules of Civil Procedure to provide that all current local rules and administrative orders dealing with civil practice in circuit courts be null and void as of September 1, 1990, unless expressly approved by subsequent order of the supreme court. Moreover, Rule 83 was recently amended to provide that "[a]ll local rules are abolished effective April 14, 1992, and no local rules shall thereafter be permitted." It is apparent from the record that the trial court relied, in part, on the contested local rule when denying the appellants' post-judgment motions. However, the record is devoid of any evidence that the validity of the local rule in light of Rule 83 as amended, or the authority of the 13th Judicial Circuit to promulgate local rules, was directly at issue at the trial level. Therefore, our disposition of the instant case is on the merits and is not predicated upon the amendment to Rule 83.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.