On Application For Rehearing

YATES, Judge.
This court’s original opinion, dated February 4, 1994, is withdrawn, and the following is substituted therefor:
On application for rehearing, the appellants assert that this court erred in finding that the attorney general was not given proper notice of the constitutional challenge to a statute. The appellants contend, and we agree, that the constitutional issue arose during the pendency of the appeal; therefore, Rule 44, Ala.R.App.P., governs the service requirement on the attorney general. The attorney general was served with a copy of the appellants’ brief, as required by Rule 44(b). Under the authority given this court by Rule 44(d), we address the issue.
On June 26, 1992, this court issued an opinion in Jones v. U.S.A. Medical Center, 625 So.2d 1139 (Ala.Civ.App.1992). That opinion related to four separate cases. It held that the practice of accepting partial payment from a garnishee was inconsistent with the language of § 6-10-7, Ala.Code 1975, which, at that time, required that the garnishee accumulate the entire judgment amount recited in the process of garnishment before submitting payment to the court clerk. This court reversed the judgments in four cases in which the trial court had allowed the *91 piecemeal payment and condemnation of garnished wages.
On October 7, 1992, § 6-10-7 was amended. On October 22, 1992, the Alabama Supreme Court granted certiorari review of our judgment, but dismissed the case on November 17, 1992, on the motion of General Motors Acceptance Corporation and U.S.A. Medical Center. On March 17, 1993, the trial court refused to enforce the judgment of this court, citing the October 7,1992, amendment to § 6-10-7, Ala.Code 1976.
On April 27, 1993, the judgment debtors appealed from the trial court’s March 17, 1993, order refusing to enforce our original judgment.
At the time of our June 26, 1992, decision, § 6-10-7 read:
“The garnishee shall retain 25 percent of the wages, salaries or other compensation of the laborer or employed during such period of time as is necessary to accumulate a sum equal to the amount shown as due by the court on the writ or levy, at which time the garnishee shall pay the same into court.”
After the amendment of October 7, 1992, § 6-10-7 read:
“(b) The garnishee shall, after a period of 30 days from the first retention of any sum from the defendant’s wages, salaries, or other compensation, commence paying the funds into court, as they are deducted or withheld and continue to do so on a monthly or more frequent basis until the full amount is withheld.”
This amendment was made by Ala.Acts 1992, Act No. 92-681, § 1. Section 2 of that-. Act made the amendment retroactive to June 10, 1975. The debtors, as appellants, contend that the amendment is unconstitutional, claiming that its retroactivity provision impairs the obligation of the contract into which the respective parties entered. Before the amendment, the appellants say, a debtor could rely on the fact that § 6-10-7 required a garnishee to accumulate the entire amount of the judgment before submitting the money to the clerk of the court for condemnation. Consequently, they argue, a debtor could make decisions about whether to exempt garnished wages held by the garnishee, “without the fear that the proceeds of the garnishment would be condemned by a creditor’s speedy and/or surreptitiously having the funds paid over to the clerk of the court and condemned.”
In Alabama, generally, retrospective application of a statute is not favored, absent an express statutory provision or clear legislative intent that the enactment apply retroactively. Kittrell v. Benjamin, 396 So.2d 93 (Ala.1981). Remedial statutes do operate retrospectively, however, absent clear language to the contrary. Street v. City of Anniston, 381 So.2d 26 (Ala.1980). Remedial statutes are those statutes relating to remedies or modes of procedure. Id. The legislative intent as to any retroactive effect of the amended § 6-10-7 is clear; the act amending that section contains the following provision:
“The provisions of this act are curative and remedial and shall have retroactive effect to June 10, 1975, and any actions taken or payment made in accordance with the provisions of this act since that date are ratified, validated, and confirmed.”
Ala.Acts 1992, No. 92-681.
The dispositive issue is whether a retroactive application of the amended § 6-10-7 is unconstitutional as applied in this case. The act itself declared the statutory amendment to be both remedial and retroactive. The amendment is clearly remedial because it concerns matters of procedure rather than substantive rights and corrects what may have been seen as a defect in the original statute. We find that no substantial right was affected by the application of this statutory change.
We conclude that the trial court was correct in applying the October 7, 1992, amendment following this court’s judgment of June 26, 1992. Therefore, the judgment of the trial court is affirmed.
ORIGINAL . OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.