**In re Carol Lynn COGHLAN, Debtor.**

**UNITED STATES of America, Appellant,**

**v.**

**Carol Lynn COGHLAN, Appellee.**

**No. Civ–97–2590–PHX–ROS.**

United States District Court,
D. Arizona,
Phoenix Division.

June 30, 1998.

Michael A. Johns, U.S. Attorney's Office, Phoenix, AZ, Robert P. McIntosh, United States Department of Justice, Trial Attorney, Tax Division, Washington D.C., for USA.

Wade Franklin Waldrip, Glendale, AZ, for Carol Lynn Coghlan.

## ORDER

SILVER, District Judge.

## BACKGROUND

The following facts are not in dispute. Prior to October 2, 1997, the Internal Revenue Service (IRS) served a notice of levy on the Maricopa County Board of Supervisors ("the Board") demanding the surrender of all property, rights to property, money, credits, and bank deposits of Debtor. (United States' Brief at 3.) At the time of service, the Board owed Debtor on invoices previously tendered by her for legal services she provided to Maricopa County. (Debtor's Mot. for Order Compelling Turnover of Property ¶ 1.) In accordance with the levy, between October 2 and October 16, 1997, the Board paid the IRS a total of $10,367.00 that it owed to Debtor. *Id.* ¶ 2. On October 30, 1997, Debtor filed for reorganization under the Bankruptcy Code's Chapter 13. *Id.* ¶ 3. On that same day, the IRS issued a release of its levy to the Board. *Id.*

On November 17, 1997, Debtor filed a motion in United States Bankruptcy Court to compel the IRS to comply with the turnover provisions in 11 U.S.C. § 542(a), by immediately returning the money it had obtained through the notice of levy served upon the Board. On December 4, 1997, Judge Robert G. Mooreman granted the motion and ordered the IRS to turn the money over to Debtor's bankruptcy estate. On December 12, 1997, the United States appealed his decision to this Court.

## DISCUSSION

■ This Court can only set aside the bankruptcy court's findings of fact if they were clearly erroneous. *In re Gionis,* 170 B.R. 675, 678 (9th Cir. BAP 1994). The bankruptcy court's conclusions of law, however, are subject to review de novo. *Id.* at 678–79.

■ The sole issue before the Court is whether money paid to the IRS pursuant to a federal tax levy is subject to turnover pursuant to 11 U.S.C. § 542, when the money was not only levied, but also paid to the IRS before Debtor filed her Chapter 13 petition.

Debtor argues that Judge Mooreman was correct in finding that the facts of this case are indistinguishable from those in *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), and that return of her pre-petition assets is proper. The Appellant argues that *Whiting Pools* does not control the instant case because Debtor had no legal or equitable interest in money that was levied *and* paid to the IRS prior to her filing for bankruptcy. The Appellant further contends that because Debtor's bankruptcy estate is comprised only of property in which Debtor has a legal or equitable interest, the return of money in which Debtor no longer has any interest is improper.

Section 541(a)(1) provides that the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In *Whiting Pools,* the Supreme Court noted that the scope of § 541(a)(1) is "broad" and "is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code." *Whiting Pools,* 462 U.S. at 205, 103 S.Ct. 2309. Section 542(a) is the turnover provision, and requires that "an entity ... in possession, custody, or control,

during the case, of property that the trustee may use, sell, or lease ... shall deliver to the trustee, and account for, such property or the value of such property." 11 U.S.C. § 542(a). Construing § 542(a) in light of § 541(a)(1), the Supreme Court determined that § 542(a)(1) does not require "that the debtor hold a possessory interest in the property at the commencement of the reorganization proceedings." *Whiting Pools*, 462 U.S. at 206, 103 S.Ct. 2309. For that reason, the bankruptcy estate "includes property of the debtor that has been seized by a creditor prior to the filing of a petition for reorganization." *Id.* at 209, 103 S.Ct. 2309.

The Supreme Court's interpretation of § 541(a) ensures that virtually all property in which the debtor has an identifiable interest will result in that property's inclusion in the debtor's bankruptcy estate. Nevertheless, neither § 541 nor *Whiting Pools* addresses whether a debtor has an underlying interest in cash that was paid to the IRS prior to a debtor's filing for bankruptcy.

In *Whiting Pools*, the IRS had seized all of Whiting's tangible property, not cash, after Whiting refused to satisfy an IRS tax lien. *Id.* at 200, 103 S.Ct. 2309. The day after the seizure, Whiting filed a petition for reorganization, under Chapter 11 of the Bankruptcy Code, and moved for an order compelling the IRS to return the seized property to the bankruptcy estate. *Id.* at 201, 103 S.Ct. 2309. In reaching its conclusion, the Supreme Court stated that "if a tax levy or seizure transfers to the IRS ownership of the property seized, § 542(a) may not apply." *Id.* at 209, 103 S.Ct. 2309. The Supreme Court then held that the IRS levy and seizure provisions "are provisional remedies that do not determine the Service's rights to the seized property" and that ownership is transferred "only when property is sold to a bona fide purchaser at a tax sale." *Id.* at 211, 103 S.Ct. 2309. Because the IRS had not sold Whiting's property, the property remained subject to the turnover requirements of § 542(a) as long as the debtor provided adequate protection to the IRS. *Id.* at 212, 103 S.Ct. 2309.

*Whiting Pools* does not control this case. The Supreme Court in *Whiting Pools* held that a debtor's interest in property seized by a creditor pre-petition is terminated at some point. *Id.* at 211, 103 S.Ct. 2309. While the Supreme Court determined that Whiting's interest in the tangible property seized by the IRS terminated at the tax sale, it did not determine when the property interest in cash terminates. *Id.* In fact, the Supreme Court held "[o]f course if a tax levy or seizure transfers to the IRS ownership of the property seized, § 542(a) may not apply." *Id.* at 209, 103 S.Ct. 2309.

As both sides discussed in their briefs, in post-*Whiting Pools* cases involving levies on cash the courts have split over whether a pre-petition levy operates to transfer ownership to the creditor, thus taking the property out of the bankruptcy estate. The majority of cases have held that the debtor retains rights in the levied money. *See e.g., In re Hunter*, 201 B.R. 959, 961 (Bankr.E.D.Ark. 1996) (where IRS levies on cash pre-petition, but is not entitled to cash until after petition, cash is property of the estate); *In re Giaimo*, 194 B.R. 210, 213 (E.D.Mo.1996) (under the current IRC, the levy procedures in § 6331 and § 6332 are not complete until the bank surrenders the money 21 days after service of the levy); *In re AIC Industries, Inc.*, 83 B.R. 774, 777 (Bankr.D.Colo.1988) (sufficient residual property interest retained in account). A minority of cases, however, have held that a notice of levy extinguishes a debtor's interest in the money. *See e.g., In re Abercrombie*, 156 B.R. 782, 783–85 (Bankr. N.D.Tex.1993) (pre-petition levy on the debtors' cash or cash equivalent deposits divested the debtors of any interest in that property); *Brown v. Evanston Bank (In re Brown)*, 126 B.R. 767, 776 (N.D.Ill.1991) (a debtor's interest in cash equivalent property is extinguished when the IRS properly executes a levy on the property); *DiFlorio v. United States*, 30 B.R. 815, 818 (N.D.N.Y.1983) (with cash, property need not be sold to transfer). The Ninth Circuit has recognized this split of authority, but has not resolved the issue for the Circuit. *See In re Contractors Equipment Supply Co.*, 861 F.2d 241, 244, fn. 6 (9th Cir.1988). This Court need not resolve the conflict here because the cases concern only

pre-petition levy, not pre-petition levy *and* payment as in the instant case.

Debtor asserts that she retained a property interest in the levied account receivable even after the money had been collected by the IRS, and cites to 26 U.S.C. § 317(a) for the proposition that the Internal Revenue Code (IRC) defines property for all purposes under the code as money, securities, and other property. (Resp. at 3.) Debtor then contends that 26 U.S.C. § 6337(a) establishes that a taxpayer retains an interest in property, including cash, seized pre-petition. *Id.* Section 6337(a) states in part "[a]ny person whose property has been levied upon shall have the right to pay the amount due ... to the Secretary at any time prior to the sale thereof, and upon such payment the Secretary shall restore such property to him...." 26 U.S.C. § 6337. Debtor argues that because cash is property, § 6337 of the IRC establishes that she had a pre-petition interest in the money, and thus, the IRS was required by *Whiting Pools* to release it to the estate.

Debtor's interpretation of the IRC is unpersuasive. Section 317(a) of the IRC specially states "[f]or purposes of this part, [referring to the part of the IRC dealing with corporate distributions], the term 'property' means money, securities, and other property ..." 26 U.S.C § 317(a). Even assuming that the IRC intended this definition of property to control throughout the IRC, § 6337 can only be interpreted as referring to property, other than cash, because the IRS obviously does not need to hold a sale to convert cash into a useable form.[1] Because the IRS has no sale when the property levied is cash, it makes no sense for a person to post a bond to redeem something that will never be sold.

Finally, the case law is uniform in holding that a debtor's property interest in cash terminates when the monies have been both levied *and* collected. The facts of the instant case are indistinguishable from those of *In re Debmar Corp.,* 21 B.R. 858, 859–60 (Bankr. S.D.Fla.1982). In *Debmar,* the IRS served notices of levy upon Systems Development Corporation, which owed funds to the debtor, and Commercial Bank and Trust, where the debtor had bank accounts. *Id.* at 860. Both entities complied with the notice of levy and paid debtor's money to the IRS before the debtor filed for Chapter 11. *Id.* The court held that "when the petition was filed, there were no bank account balances in Debmar's name and no account due from the account debtor, and thus the nonexistent bank accounts and account receivable could not become 'property of the estate'" *Id.* at 861. The court further held:

> The effect of paying the IRS was to reduce Debmar's tax liability, a situation completely different from that in *Whiting Pools* where the IRS would have to sell the levied-upon property and apply the proceeds to reduce the tax liability. Since the payments served to reduce Debmar's tax liability by being applied to that liability, the payments are best characterized as a partial satisfaction of the tax liens rather than a conveyance of Debmar's intangibles.

*Id.*

Subsequent case law supports the holding of *Debmar.* In *Giaimo,* the court held "the debtor retains sufficient interest in the intangible property *before it is surrendered to the IRS* such that the money is properly included in the bankruptcy estate...." 194 B.R. at 213 (emphasis added). In reaching its decision, the court stated, "[i]n the case of tangible property, money is generally realized at the sale, ... with respect to bank accounts, the money is realized by the IRS when surrendered 21 days after the levy." *Id.* at 214. In the case of *In re Davis,* 35 B.R. 795, 798 (Bankr.W.D.Wash.1983) the court stated, "[t]his language (the actual language of the 'notice of levy') indicates that more is required than merely serving the notice of levy and suggests that *a payment or release of the funds by the bank* is necessary." (emphasis added). In the case of *In re Wolensky's Ltd. Partnership,* 163 B.R. 629, 636 (Bankr. D.D.C.1994) the court found that, "even

---

1. The IRC provides that any money realized under § 6332 (surrender of property subject to levy) will be directly applied first to the expense of levy and sale, then to the specific tax liability on the seized property, and finally to the liability of delinquent taxpayer. Any surplus proceeds are then returned to the debtor. 26 U.S.C. § 6332.

**308**

though the IRS served its notice of levy … prior to the filing of the bankruptcy petition, *until those proceeds were turned over by Kemper to the IRS,* the levy did not transfer ownership of those proceeds to the IRS." (emphasis added). All three of the cases are consistent with *Debmar* that once cash is turned over to the IRS, the Debtor's interest in that property is terminated. Finally, while the Ninth Circuit has not ruled directly on this matter, they have implicitly endorsed the holding of *Debmar.* In discussing the split of authority that exists over a levy's power to terminate property interests in cash, the Ninth Circuit stated that "[s]ome [cases] have held that the debtor retains a right in the monies *until an actual transfer occurs."* *In re Contractors Equipment Supply Co.,* 861 F.2d at 244, fn. 6 (emphasis added).

This case is distinguishable from *Whiting Pools* because Debtor had no legal or equitable interest in the money when she filed for bankruptcy. The Board complied with the notice of levy and paid the IRS the money it owed Debtor before she filed for bankruptcy. The IRS had no need to conduct a sale or take further action in order to use the money to reduce Debtor's tax liability. Consequently, Debtor's property interest in the money terminated once the Board turned it over to the IRS. Because Debtor retained neither a legal nor equitable interest in the money when she filed her petition for bankruptcy, the IRS cannot be compelled to turn the money over to Debtor's bankruptcy estate.

Accordingly,

**IT IS ORDERED** that the Bankruptcy Court's order (Doc. # 2) is reversed.

**IT IS FURTHER ORDERED** that the case is remanded to the Bankruptcy Court for further proceedings consistent with this order.