**In re Zachary John GUNTHORPE, Debtor.**

No. 01–12069–MAM–13.

United States Bankruptcy Court, S.D. Alabama.

Aug. 21, 2001.

---

Gregory McAtee, Mobile, AL, for Goldstein Jewelers.

Frank Thiemonge, Mobile, AL, for Debtor.

## ORDER DENYING DEBTOR'S MOTION TO AVOID GARNISHMENT AND LIENS OF GOLDSTEIN'S JEWELERS

MARGARET A. MAHONEY, Chief Judge.

This case is before the Court on the motion of the debtor to avoid the garnishment and liens of Goldstein Jewelers. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, the Court is denying the motion of the debtor.

## FACTS

Zachary Gunthorpe filed this chapter 13 case on April 24, 2001. Goldstein's Jewelers obtained a judgment against Gunthorpe on July 28, 2000 in the amount of $3,075.99. On August 11, 2000, the attorney for Goldstein's filed a request for a writ of garnishment. The request contained the language "Please condemn all funds upon receipt." The Clerk of District Court of Mobile County issued a writ of garnishment on August 19, 2000. The writ was served upon Gunthorpe and his employer on August 21, 2000. The Clerk of Court received $62.48 on the following dates: September 22, September 29, October 16, October 23, October 30, November 14, November 17, December 1, December 11, December 21, December 29, 2000, January 8, January 22, February 2, February 8, February 16, February 23, March 2, March 9, March 21, March 30, April 2, April 11, April 13, and April 24, 2001.

Debtor's motion seeks return of all funds garnished within 90 days before the bankruptcy filing pursuant to 11 U.S.C. § 542. That date would be January 24, 2001.

## LAW

The Alabama Code § 6–10–7 pertains to exemption of wages and garnishment of them. Subsection (b) states:

The garnishee shall, after a period of 30 days from the first retention of any sum from the defendant's wages, salaries, or other compensation, commence paying the funds into court, as they are deducted or withheld and continue to do so on a monthly or more frequent basis until the full amount is withheld. Upon receipt by the court of a written request by the plaintiff, the court may enter an order of condemnation of said funds received and thereupon disburse the same to the plaintiff.

The Mobile County District Court entered a Standing Order, dated June 15, 2000, which states that "all garnishment funds received by the Clerk of the District Court of Mobile County are hereby automatically condemned upon receipt." This order implements an opinion of the Alabama Attorney General which allows a court "to enter a blanket order of condemnation in each case which applies to funds deducted from a defendant's wages and paid by a garnishee into court and authorizes the clerk to disburse the funds as they are received by the clerk from the garnishee." Opinion 93–171, issued March 17, 1993.

■ Gunthorpe asserts that the standing order is void because the Alabama Rules of Civil Procedure, Rule 83, abolished all local rules of individual circuit and district courts and because there is contrary case law. *Mason v. U.S.A. Medical Center*, 646 So.2d 90 (Ala.Civ.App. 1994); *Jones v. U.S.A. Medical Center*, 625 So.2d 1139 (Ala.Civ.App.1992). Gunthorpe is incorrect on both grounds. The cases are not pertinent because they preceded the amendment of Alabama Code § 6–10–7. The amendment added subsection (b) which specifically allows partial payment of the garnished funds to the Clerk and then to the judgment creditor.

Gunthorpe's reading of Alabama Rule 83 is also incorrect. The Rule prohibits local rules which overrule or are inconsistent with the Alabama Rules of Civil Procedure. The Committee Comments to the Rule as amended April 14, 1992, states:

> The abolition of local rules does not prevent the trial court from issuing orders that are essential to the administration of its docket in areas outside the scope of the Alabama Rules of Civil Procedure.

The standing order on condemnation of garnished funds is outside the scope of the Alabama Rules. They do not address the issue of condemnation of garnished funds. Therefore, the standing order is valid. The rule implements the blanket order procedure specifically allowed by Alabama Code § 6–10–7 and the Attorney General's opinion cited above. It is completely consistent with the law in Alabama on garnishment. It is not a violation of Rule 83.

■ Since Goldstein's request for immediate condemnation of garnished funds and the standing order makes the condemnation automatic as of the moment of receipt of garnished funds by the Clerk, the funds were not property of the debtor's estate at filing. 11 U.S.C. § 541. The funds were rightfully Goldstein's and were in its possession. *Charles R. Hall Motors, Inc. v. Lewis (In re Lewis)*, 137 F.3d 1280 (11th Cir.1998) (vehicle repossessed prepetition was not "property of the estate"); *U.S. v. Coghlan (In re Coghlan),* 227 B.R. 304 (D.Ariz.1998) (money paid prepetition to creditor not "property of the estate"); *In re Stephens*, 43 B.R. 97 (Bankr.N.D.Ala. 1984) (funds garnished but not condemned were "property of the estate"). Therefore, 11 U.S.C. § 542, which requires turnover of property to which the debtor has a right because it is property of the estate or because the debtor can claim it as exempt is not applicable. The debtor has no right to property to which it has lost all title and possession. *In re Midway Airlines, Inc.*, 221 B.R. 411 (Bankr.N.D.Ill.1998) (turnover under § 542 is only appropriate where it is clear property is " property of estate").

■ The debtor may have a right to seek a recovery of some of the funds under the voidable transfer sections of the Bankruptcy Code. 11 U.S.C. §§ 544–548. If such a recovery is appropriate, the debtor must file an adversary proceeding. Section 542 does not apply to voidable trans-

fer recoveries when the property is no longer property of the estate at the time the case is filed.

Gunthorpe also asks that the garnishment be terminated. The evidence provided to the Court does not make clear if the garnishment has been released. If it has not, it must be released.

IT IS ORDERED that the motion of the debtor, Zachary Gunthorpe, to avoid the garnishment and lien of Goldstein's Jewelers is DENIED except that the garnishment shall be released from and after the filing of the bankruptcy case.